PER CURIAM.
We reverse the trial court’s order granting appellee’s Florida Rule of Criminal Procedure 3.850 motion for postconviction relief filed on September 23, 2011. In granting the motion, the trial court vacated appellee’s 2001 plea, judgment, and sentence for sexual battery, holding appellee’s defense attorney had provided ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), by failing to advise him that his conviction would subject him to deportation. Prior to entry of the trial court’s order, however, both the United States Supreme Court and the Florida Supreme Court had already determined that Padilla does not apply retroactively to convictions that had become final prior to its issuance. See Chaidez v. United States, — U.S.—,133 S.Ct. 1103, 185 L.Ed.2d 149 (2013); Hernandez v. State, 124 So.3d 757 (Fla.2012). Appellee’s claim that manifest injustice mandates Padilla be applied retroactively to his case is without merit.
REVERSED.
VAN NORTWICK, CLARK, and SWANSON, JJ., concur.